## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **Coco Osoko DJUNGA,** | |
| *Plaintiff*, | |
| v. | |
| Elizabeth A. Galliano, Acting Director, CHICAGO ASYLUM OFFICE; | **Case No.    1:25-cv-00526** |
| Ted H. Kim, Associate Director, Refugee, Asylum and International Operations, USCIS; | Hon. Judge TBD<br><br>Mag. Judge TBD |
| Kika Scott, Acting Director, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; | |
| Kristi L. Noem, Secretary, DEPARTMENT OF HOMELAND SECURITY. | |
| *Defendants*. | |

## PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF

## I.    INTRODUCTION

1.    This is an action brought pursuant to the Mandamus Act, 28 U.S.C. §
1361, and the Administrative Procedure Act, 5 U.S.C. § 702, *et seq*., ("APA")
seeking to compel Defendant USCIS to complete the administrative agency
process and render a final adjudication of Plaintiff's I-589 Application for Asylum
and for Withholding of Removal (hereinafter "I-589" or "asylum application"),
initially filed with the Agency on December 4, 2017 – over seven years ago. To
date, the Defendants have failed to adjudicate Plaintiff's I-589 asylum application.
Plaintiff seeks to have this honorable Court impose a date-certain deadline for
adjudication of his pending I-589 asylum application and requests issuance of a
writ of mandamus and/or an order to compel under the Administrative Procedure
Act. Plaintiff fears future persecution in the Democratic Republic of Congo
("DRC") and deserves a final decision on his asylum application.

## II.    PARTIES

2.    Plaintiff Mr. Coco Osoko DJUNGA (hereinafter "Mr. Coco
DJUNGA") is a citizen and national of DRC. Plaintiff lives in Kentwood, Kent
County, Michigan.

3.    Defendant Elizabeth Galliano is Acting Director of the Chicago,
Illinois Asylum Office. Among other responsibilities, the Chicago Asylum Office
adjudicates and conducts required interviews for I-589 asylum applications such as

the one filed by Plaintiff Coco DJUNGA on December 4, 2017. Defendant Madsen

is sued in his official capacity.

4.      Defendant Ted H. Kim is Associate Director for Refugee, Asylum and

International Operations (RAIO). Among other responsibilities, the RAIO Asylum

Division adjudicates affirmative asylum applications. Defendant Kim oversees all

asylum offices, including the Arlington Asylum Office, and requires that some

applications be forwarded to headquarters before final adjudication. Defendant

Kim is sued in his official capacity.

5.      Defendant Kika Scott is Acting Director of USCIS. In this role,

Defendant Scott directs the administration of USCIS which oversees the

adjudication of immigration benefits and establishes and implements governing

policies. Defendant Scott is responsible for USCIS' policies, practices, and

procedures, which includes the delegated personnel who should *complete*

adjudication of Plaintiff's I-589 asylum application. Defendant Scott is sued in her

official capacity.

6.      Defendant Kristi Noem is the Secretary of the Department of

Homeland Security ("DHS"). DHS is the federal agency overseeing many

component agencies, including USCIS. As Secretary, Defendant Noem is

responsible for the administration and enforcement of the INA and immigration-

related laws. Defendant Noem is sued in her official capacity.

7.     Defendant USCIS is a component of the Defendant DHS, 6 U.S.C. §

271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is

responsible for the adjudication of immigration benefits, including I-589 asylum

applications, and it is the agency that has failed to complete the administrative

process on Plaintiff's still-pending I-589 asylum application.

### III.    JURISDICTION

8.     This case arises under the Mandamus Act, 28 U.S.C. § 1361, which

gives district courts "original jurisdiction of any action in the nature of mandamus

to compel an officer or employee of the United States or any agency thereof to

perform a duty owed to the plaintiff."

9.     This Court has jurisdiction over this complaint pursuant to 28 U.S.C.

§ 1331, as a civil action raising a federal question arising under the laws of the

United States, and 28 U.S.C. § 1651, as this Court was established by Congress

and therefore "may issue all writs necessary or appropriate in their respective

jurisdictions."

10.     Jurisdiction is also conferred by the Administrative Procedures Act, 5

USC §§ 701-708, as Plaintiff is aggrieved by adverse agency action in this case

and this court shall "compel agency action unlawfully withheld or unreasonably

delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, the "failure to act." 5 U.S.C. § 551(13).

11.     The Court has personal jurisdiction over all Defendants as they can be reached by service of process.

## IV.     VENUE

12.     Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1), because this is a civil action in which the Defendants are agencies of the United States and officers of the United States acting in their official capacity, this action is brought in the judicial district in which Plaintiff resides, and all Defendants can be reached by service of process.

## V.     STANDING

13.     Plaintiff has constitutional standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992), as individuals who have suffered a concrete injury due to Defendants' failure to act, which injury will be redressed by a favorable decision in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61 (1992). Plaintiff has been and continue to be injured by the ongoing failure of Defendants to timely adjudicate their properly filed I-589 asylum application, pending since December 4, 2017.

## VI.    FACTUAL ALLEGATIONS

14.    Plaintiff Coco DJUNGA was born in 1973 in DRC. **EXHIBIT A**.

15.    Plaintiff fled his native DRC in September of 2017.

16.    On or about September 4, 2017, Plaintiff was admitted to the United States at Washington, DC, with valid B2 status through March 3, 2018. **EXHIBIT B**.

17.    Within one year of arrival as required and represented by prior counsel Jenine Saleh of Freedom House Detroit, Plaintiff filed Form I-589 Application for Asylum which was received by USCIS Texas Service Center on December 4, 2017. Relative to Plaintiff's then-current residential address in Raleigh, NC, USCIS assigned receipt number ZAR1700190310, with the prefix "ZAR" indicating assignment to the Arlington Asylum Office. **EXHIBIT C**.

18.    Since receipt of the asylum application on December 4, 2017, Plaintiff has not been scheduled for an asylum interview.

19.    Plaintiff moved to Michigan and now resides in Kentwood, Michigan.

20.    In December of 2024, Plaintiff retained undersigned counsel's office, Palmer Rey PLLC, to represent them in his long-standing asylum application. A G-28 Notice of Entry of Appearance was filed with the Chicago Asylum Office of USCIS.

21.    On December 17, 2024, Plaintiff changed his address with USCIS and received confirmation number MCA2570966819. Correspondence with the Chicago Asylum Office reveals that on or before March 17, 2025, Plaintiff's asylum file had been received from the Arlington Asylum Office. **EXHIBIT D**.

22.    To date, Defendant USCIS has failed to schedule or conduct Plaintiff's asylum interview at either the Arlington or Chicago Asylum Office.

23.    To date, Defendant USCIS has failed to render final action on Plaintiff's pending asylum application.

24.    As of the date of this filing, the USCIS online case status shows only that the "Application is Pending." **EXHIBIT E**.

25.    As of the date of this filing, the EOIR online case status shows "No case found for this A-Number," indicating that Plaintiff's case has not been referred from USCIS to an EOIR Immigration Court. **EXHIBIT F**.

26.    On information and belief, neither Plaintiff nor prior counsel have obtained any explanation from Defendant USCIS for the failure to conduct Plaintiff's asylum interview.

27.    In July of 2024, Plaintiff retained current co-counsel, Bradley Maze, of Palmer Rey PLLC in Southfield, Michigan, for assistance with his long-delayed asylum case.

28.    Plaintiff Coco DJUNGA has a statutory right to apply for asylum and to be considered for that relief pursuant to 8 U.S.C. § 1158(a).

29.    Defendants have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

30.    Defendant USCIS publishes "Case Processing Times" page on its website, but there is no information regarding processing times for I-589 asylum applications. **EXHIBIT G**.

31.    Defendant USCIS acknowledges the historic delays in processing of pending I-589 asylum applications. Former Director Jaddou said in 2022, "Let me be very clear. Our processing times are too long. There are no ifs, and or buts about it." Director Jaddou also stated in 2021, "I recognize that there is more for USCIS to do. Nowhere is that clearer than when it comes to processing delays and backlogs." **EXHIBIT H**.

32.    The asylum application backlog is constantly growing. In fiscal year 2023, Defendant USCIS received over 454,000 asylum applications but completed only approximately 54,000 cases. At the end of September 2023, the total backlog of pending asylum applications had ballooned to 1,020,522.  **EXHIBIT I**.

33.    Defendant USCIS acknowledges that "a decision should be made on your asylum applications within 180 days after the date you filed your application unless there are exceptional circumstances." **EXHIBIT J**.

**34.**    Plaintiff's I-589 asylum application has now been pending for more

than seven years, without interview.

35.    Plaintiff Coco DJUNGA has a statutory right to apply for asylum and

to be considered for that relief and Defendants have a statutory duty to adjudicate

asylum requests within 180 days of filing. However, Defendants have failed to

complete adjudication of Plaintiff's properly filed I-589. Without Court

intervention, USCIS may never render a final decision on Plaintiff's asylum

application.

## VII.    IRREPARABLE INJURY

36.    The failure of USCIS to *complete* the administrative agency action

regarding Plaintiff's I-589 asylum application within a reasonable time, (received

by USCIS on December 4, 2017) causes Plaintiff Coco DJUNGA to suffer

irreparable injury. Furthermore, Defendants' unreasonable delay prejudices

Plaintiff's asylum claim itself, as memories fade and as corroborating witnesses

and documentation become harder to secure.

## VIII.    EXHAUSTION

37.    Plaintiff Coco DJUNGA has exhausted all available administrative

remedies that can provide the relief he seeks. There are no further administrative

remedies available to Plaintiff.

**IX.    FIRST CAUSE OF ACTION – Writ of Mandamus**

38.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 above.

39.    Mandamus is available when three requirements are met: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). *See also* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

40.    In the instant case, Plaintiff has a clear right to the relief requested. Plaintiff Coco DJUNGA's I-589 asylum application was received by USCIS on December 4, 2017.

41.    Defendants have a clear, ministerial, non-discretionary duty to perform the act in question – which is to <u>complete</u> the administrative agency action on Plaintiff's pending I-589 within a reasonable time within published processing times. This includes both interview and adjudication.

42.    Furthermore, <u>provisions 8 U.S.C. § 1571(a), § 1571(b), § 1572, § 1573, and § 1574</u> make clear Congress's policy that an immigration benefit application should be completed not later than 180 days after the initial filing.

43.     Defendants have failed to issue a decision on Plaintiff's I-589 asylum

application.

44.     Plaintiff has now awaited completion of the administrative agency

process for seven years since the I-589 asylum application was properly and timely

filed on December 4, 2017.

45.     Plaintiff has waited over seven years and Defendant USCIS still has

not conducted an asylum interview at the Chicago Asylum Office.

46.      This delay is far longer than the maximum 180 days allowed by

statute. Plaintiff has been prejudiced by this delay.

47.     Under the circumstances, it is unreasonable for Defendants to delay

completion of the administrative agency process regarding Plaintiff's I-589 asylum

application.

48.     No other adequate remedy is available. Plaintiff has submitted

correspondence attempting to understand and to expedite the continued delay.

**X.     SECOND CAUSE OF ACTION – Administrative Procedures Act**

49.     Plaintiff re-alleges and incorporates by reference paragraphs 14

through 38 above.

50.     The Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b) and 5

U.S.C. § 706(1), provides the Court with authority to "compel agency action

unlawfully withheld or unreasonably delayed." *Garcia v. United States Dep't of Homeland Sec.*, 14 F.4th 462, 487 (6th Cir. 2021). As held by the tenth Circuit, "the APA gives rise to a legally enforceable right to the <u>completion</u> of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all." *Yu v. Brown*, 36 F. Supp. 2d 922, 928 (D.N.M. 1999), citing *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1269 (10th Cir. 1998) and *Deering Milliken, Inc. v. Johnston,* 295 F.2d 856, 861 (4th Cir.1961) (emphasis added).

51.     The APA also provides this Court with the authority to hold unlawful and set aside agency action that, *inter alia,* is found to be: "arbitrary, capricious, and [an] abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, <u>or failure to act</u>." 5 U.S.C. § 551(13) (emphasis added).

52.     When a petitioner/plaintiff "seeks both mandamus relief and relief under the APA, courts apply the same principles and standards both to determine jurisdiction and to assess the merits." *Nelson v. United States*, 107 F. App'x 469, 471 (6th Cir. 2004).

53.     Defendants have a duty under the APA to make a final decision

"within a reasonable amount of time." 5 U.S.C. § 555(b).

54.     To determine whether the agency's delay is unreasonable, this Court

must apply the six "TRAC" factors enumerated in *Telecomms Research & Action*

*v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984). *Telukunta v. Mayorkas*, Case

No. 21-10372, (ED Mich., June 15, 2021   ), at 2. "The 'most important' TRAC

factor is the first factor." *Id., quoting In re Core Comms., Inc.*, 531 F.3d 849, 855

(D.C. Cir. 2008). The first factor requires that "the time agencies take to make

decisions must be governed by a 'rule of reason.'" *TRAC*, 750 F.2d at 80. USCIS

reviews applications on a first-in, first-out basis. It strains credibility and reason to

think there are many, if any, applications pending without interview or final

resolution that were filed prior to Plaintiff's filing date of December 4, 2017 – over

seven years ago. This most-important factor favors Plaintiff. "The third and fifth

TRAC factors address the delay's effect on the visa applicant. Under the third

factor the Court must consider that 'delays that might be reasonable in the sphere

of economic regulation are less tolerable when human health and welfare are at

stake.'" *Telukunta*, No-21-10372, at 3, quoting *TRAC*, 750 F.2d at 80.

55.     Defendants have unreasonably delayed completion of the

administrative agency process regarding Plaintiff's I-589 asylum application.

Again, it has been more than seven years since the I-589 asylum application was properly filed on December 4, 2017.

56.     Plaintiff has now awaited completion of the administrative agency process for seven years since the I-589 asylum application was properly and timely filed on December 4, 2017, and has not even been scheduled for an interview at the Chicago Asylum Office.

57.     Defendants' "failure to act" on Plaintiff's properly filed I-589 asylum application is arbitrary, capricious, and not in accordance with the law, regulations, or USCIS policy. 5 U.S.C. § 551(13).

58.     Plaintiff has exhausted his administrative remedies. No other remedy exists in the face of the Defendants' continued and unexplained withholding of required action on the I-589 asylum application properly filed by Plaintiff Coco DJUNGA.

59.     Plaintiff respectfully requests that this Honorable Court "compel agency action unlawfully withheld or unreasonably delayed" pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(1).

XI.     **CLAIM FOR EQUAL ACCESS TO JUSTICE ACT (EAJA) FEES**

60.     Plaintiff re-alleges and incorporates by reference paragraphs 14 through 38 above.

61.    Defendants' failure to complete the administrative agency action and render a final decision within a reasonable amount of time is substantially unjustified and Plaintiff is entitled to reasonable attorney's fees under EAJA.

## XII.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that this Court:

1.  Assume jurisdiction over this action; and

2.  Compel Defendants to <u>complete</u> all agency action and render a <u>FINAL</u> adjudication of Plaintiff's I-589 asylum application by a date certain; and

3.  Award Plaintiff reasonable costs and fees under EAJA; and

4.  Award such other relief as the Court deems necessary or proper.

Respectfully submitted this 7th day of May, 2025.

/s/ *Glenn Eric Sproull*

_____

GLENN ERIC SPROULL (IL 6276310)
Palmer Rey PLLC
29566 Northwestern Hwy, Suite 200
Southfield, MI 48034
(248) 522-9500
eric@palmerrey.com